FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 3 0 2003

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLERK

UNITED STATES OF AMERICA,

Plaintiff-Respondent,

vs.

CIVIL NO. 03-1096 BB/LFG
CRIM. NO. 02-1735 BB

EDWARD RAMIREZ,

Defendant-Movant.

## MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION[1]

### Findings

1. This is a proceeding on the "Motion for Amendment or Abatement of Sentence Due to Familial Calamity" [Doc. 1], filed by Edward Ramirez ("Ramirez") and docketed as a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

2. Ramirez was convicted of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and sentenced to 41 months imprisonment. Judgment was entered on March 3, 2003 [Doc. 36 in CR 02-1735]. Ramirez did not appeal his sentence and is currently incarcerated in a federal prison in Florence, Colorado. He filed this motion to amend or abate his sentence on September 19, 2003, stating that on August 11, 2003, his 16-year-old son, Alfonso Ramirez, was seriously

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.



injured and Alfonso's mother, petitioner's former wife Martha Ramirez, was killed in an automobile accident in Odessa, Texas. Ramirez states that, prior to his incarceration, he was the custodial parent of Alfonso and two other children, ages 2 and 9. He says that the death of the children's mother has left the welfare of the children in jeopardy, and he asks the Court to release him for the benefit of the children.

3. Although this motion was docketed as a Motion to Vacate Sentence under § 2255, it is properly considered as a request for modification of sentence under 18 U.S.C. § 3582(c). United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003) (a distinction must be drawn between "§ 2255 actions, which attack the original sentence, and § 3582(c)(2) actions, which do not attack the original sentence but only seek to modify it").

4. In United States v. Anderson, 133 F.3d 933 (Table, text in Westlaw), No. 96-1379, 1998 WL 8234 (10th Cir. Jan. 12, 1998), the defendant filed a motion for reduction in the term of his imprisonment, citing a "unique family situation." The Tenth Circuit noted that, "Of critical importance to deciding if Mr. Anderson is entitled to the relief he seeks is his failure to allege any impropriety or error in the original sentence. This is not a collateral attack on the sentence originally imposed by the district court, it is a request to revisit the sentencing determination based on events that occurred after sentencing." Id., at *1. The court found that § 2255 was therefore inapplicable, as Anderson made no claim that his sentence was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255. Rather, as is true in the present case, "Mr. Anderson alleges no such flaws in his sentence. He does not suggest his sentence was improper; he merely requests that the district court take

another look at his situation." Id.

5. In addition, the Court does not agree with the government's suggestion that Ramirez's motion should be considered under the general habeas corpus statute, 28 U.S.C. § 2241, as an attack on the execution, as opposed to the imposition, of his sentence (and therefore filed in the wrong district, as his place of confinement is Colorado). To invoke jurisdiction under § 2241, Ramirez must allege a constitutional deprivation. McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997); United States v. Lewis, 208 F.3d 228 (Table, text in Westlaw), No. 99-1286, 2000 WL 216955, at *2 (10th Cir. Feb. 24, 2000). He has not done so.

6. A District Court does not have inherent authority to modify a previously imposed sentence. It may do so only pursuant to statutory authorization. United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997). The only possible statutory authorization for modification of Ramirez's sentence is 18 U.S.C. § 3582(c). United States v. Anderson, *supra*. But this statute allows for modification only in "certain extremely limited circumstances," Id., at *2, none of which is applicable in Ramirez's situation.

7. Section 3582(c) provides that "[t]he court may not modify a term of imprisonment once it has been imposed, except" in three situations: (1) upon motion of the Director of the Bureau of Prisons where "extraordinary or compelling reasons warrant such a reduction"; (2) if such modification is "otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) if the defendant's sentencing guideline range has subsequently been lowered. United States v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997).

8. Ramirez does not argue that his sentencing guideline range has been lowered since his sentencing, nor does his assert any grounds under Fed. R. Crim. P. 35, which allows the district

court to correct a technical error in the sentence within seven days after sentencing, or to reduce a sentence on the government's motion, for the defendant's "substantial assistance" in investigating or prosecuting another person.

9. Although it could be argued that Ramirez presents "extraordinary or compelling reasons" for the requested reduction in sentence, the statute requires that such reasons be presented to the Court by motion of the Director of the Bureau of Prisons. United States v. Smartt, *supra*, at 541. *See also*, United States v. De La Fuente-Ramos, 242 F.3d 391 (Table, text in Westlaw), No. 99-6146, 2000 WL 1717186, at *9 (10th Cir. Nov. 16, 2000) ("There is no indication that the Director of Prisons has filed such a motion here, and a downward departure based on Mr. De La Fuente's post-sentencing conduct is thus not warranted"); and United States v. Hudson, 44 Fed. Appx. 457, at 458 n.2 (10th Cir. Aug. 29, 2002):

> To the extent Hudson argues that the district court may modify his sentence based upon extraordinary family circumstances under 18 U.S.C. § 3582(c)(1)(A)(i), we reject the argument. As the district court noted, § 3582(c)(1)(A)(i) requires that the Director of the Bureau of Prisons make such a motion, not the prisoner. The Director has made no motion in this case.

10. The Court therefore concludes that it has no authority to reduce Ramirez's sentence on the basis set forth in his motion. Ramirez may wish to make application for relief to the Director of the Bureau of Prisons.

### Recommended Disposition

That the motion be denied and the case be dismissed with prejudice.

*[signature]*
United States Magistrate Judge